[Civ. No. 8357. First Appellate District, Division Two.—October 14, 1932.]

PETER B. CORBETT et al., Appellants, v. FRED BENI- OFF et al., Respondents.

Philip S. Ehrlich and Albert A. Axelrod for Appellants.

Morris, Jaffa & Thompson for Respondents.

SPENCE, J.—Plaintiffs brought this action to recover a money judgment against defendants. Defendants answered and filed a cross-complaint seeking to recover a money judgment against plaintiffs. The cause was tried by the court sitting without a jury, and from a judgment in favor of defendants and cross-complainants the plaintiffs and cross-defendants appeal.

The pleadings are lengthy and reveal that both sides claimed a right of recovery arising out of the somewhat complicated dealings between the parties. From the pleadings and evidence it appears that both plaintiffs and defendants were independently speculating in stocks and owed certain obligations in connection with their operations. They entered into an agreement whereby certain stocks of defendants were turned over to plaintiffs, who in turn executed a declaration of trust in favor of defendants.

Plaintiffs thereby agreed that they held said stocks in trust for defendants; that said stocks would be placed "with the Humboldt Bank under its trust investment savings plan"; that all profits thereon would belong to defendants; and that plaintiffs would execute all orders of defendants with respect to the sale or exchange of said stocks. It was further provided by the terms of said declaration of trust that plaintiffs could at their option place certain specified stocks of their own in said trust investment savings plan and that the provisions relating to defendants' rights to profits, and so forth, should not apply to plaintiffs' stocks. Under the trust investment savings plan, entered into with the Humboldt Bank in the name of plaintiffs alone pursuant to the agreement between plaintiffs and defendants, plaintiffs borrowed the sum of $20,000 from the bank, which loan was secured by said stocks. This money was apparently used to pay off the prior obligations of defendants on said stocks and, as part of the general agreement between the parties, defendants loaned certain money to plaintiffs to pay off the prior obligations on plaintiffs' stocks. Subsequently some of defendants' stocks so held under the trust investment savings plan were sold upon defendants' orders as agreed, but the controversy here arose out of the alleged unauthorized sale of fifty shares of Los Angeles First National Bank stock belonging to defendants and included in the trust. On November 14, 1928, this stock was sold and a block of General Motors stock was purchased by the bank, all upon instructions from plaintiffs. The main issue on the trial of the cause was whether this sale and purchase was authorized by defendants. The trial court found against plaintiffs on this issue and there is ample evidence to support this finding. Defendants denied any such authorization and testified that these unauthorized transactions were concealed from them for almost a year despite the fact that they had frequently demanded a statement of their affairs. They further testified to facts showing that plaintiffs had led them to believe that said bank stock was still included in the trust after the sale thereof and that plaintiffs had endeavored to purchase defendants' entire interest in the trust prior to the time that defendants learned of said unauthorized sale.

The purpose of plaintiffs' action was to obtain judgment against defendants for the balance due on plaintiffs' obligation to the bank under the trust investment savings plan, deducting therefrom the amount which they had borrowed from defendants. They claimed this right under the following provisions of the declaration of trust: "The said Fred Benioff and Helen Benioff, by accepting this declaration of trust, and the benefits thereof, agree to save the said Peter B. Corbett and Josephine Brownlow Corbett, his wife, free and harmless from and indemnify them, and each of them, against any and all claims or demands or losses of any kind or nature arising out of the holding of the said securities, or any replacement thereof, by said Peter B. Corbett and Josephine Brownlow Corbett and/or the said trust investment savings plan agreement and/or any obligation incurred by the said Peter B. Corbett and Josephine Brownlow Corbett in favor of the said Humboldt Bank relating thereto and to the said securities, or any replacement thereof." By the cross-complaint defendants included in their cross-demands against plaintiffs the amount of the proceeds of the unauthorized sale and claimed that they were entitled to a money judgment against plaintiffs. During the pendency of the action all of the remaining stocks, with the exception of the General Motors stock, were sold by mutual consent of the parties and proceeds were credited to the amount remaining due to the bank on the original $20,000 note of plaintiffs executed in connection with the trust investment savings plan. Upon the trial the parties entered into a stipulation regarding the amount due in the event that judgment was entered in favor of plaintiffs and also regarding the amount due in the event that judgment was entered in favor of the defendants. At the conclusion of the trial the court entered judgment in favor of defendants in the amount specified in the stipulation.

Appellants contend that they should not be held answerable for the proceeds of the sale of said bank stock, but we are of the opinion that this contention is without merit. Appellants were not authorized to sell or cause to be sold any of respondents' stocks included in the trust except upon orders from respondents. Their action in causing said bank stock to be sold without any authority from defendants constituted a breach of their trust for

which they were liable. ■ In this connection appellants argue that "Respondents must ratify the transaction as a whole or repudiate it as a whole. They cannot accept its benefits and reject its burdens." The point which appellants endeavor to make is that the sale of the stock of the Los Angeles First National Bank and the purchase of the stock of General Motors was a single transaction and that respondents have ratified the sale by claiming the proceeds thereof and repudiated the purchase. It is a sufficient answer to state that respondents have never ratified either the sale or the purchase. Both were unauthorized and respondents are merely claiming the amount of the proceeds of the unauthorized sale as the measure of the liability of appellants for the breach of trust. (Civ. Code, sec. 2237.)

■ Appellants further contend that they should not be held liable as "Respondents agreed to save appellants free and harmless and indemnify them against any and all demands and losses whatsoever arising out of the declaration of trust." This contention is based upon the clause of the declaration of trust which is above quoted. In our opinion appellants seek to place an unwarranted construction upon said clause. The language is quite broad, but nothing therein contained leads to the conclusion that it was intended to protect appellants against their own wrongful acts in violation of the trust. The construction contended for would practically relieve appellants from every duty which would be otherwise imposed upon them by the creation of said trust.

■ Appellants make the further contention that respondents neither alleged nor proved any loss. Our attention is called to section 2238 of the Civil Code, which provides: "A trustee who uses or disposes of the trust property in any manner not authorized by the trust, but in good faith, and with intent to serve the interests of the beneficiary, is liable only to make good whatever is lost to the beneficiary by his error." We need not determine whether the burden was upon appellants to plead and prove that the unauthorized sale of the stock was made in good faith or upon respondents to plead and prove that said unauthorized sale was made in bad faith. In our opinion this issue merely · affected the measure of damage. Here the parties went to trial upon one main issue, namely, whether the sale of the

stock of the Los Angeles First National Bank and the purchase of the General Motors stock was authorized or unauthorized. Before any evidence was introduced, counsel for both sides stipulated upon the amount of the judgment to be entered in favor of appellants in the event that the main issue should be determined in appellants' favor and also upon the amount of the judgment to be entered in favor of respondents in the event that the main issue should be determined in favor of respondents. This stipulation left no issue of damage before the court and it was followed up by a written stipulation after the trial court had orally announced its decision, which contained, among other things, a provision that "the amount thereof is correct". These stipulations preclude any injury upon this appeal regarding the sufficiency of the pleading and proof relating to damage. In 23 California Jurisprudence, 826, it is said: "A valid stipulation is, of course, binding upon the parties, and precludes objection to matters concerning procedure and evidence which have been expressly or impliedly agreed upon."

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.