476 P.2d 897

**ROYAL PROPERTIES, INC., an Arizona corporation, and Royal Properties, Inc., a Nevada corporation, Appellants,**

v.

**ARIZONA TITLE INSURANCE & TRUST COMPANY, an Arizona corporation, Appellee.**

**No. 2 CA–CIV 865.**

Court of Appeals of Arizona, Division 2.

Dec. 1, 1970.

Rehearing Denied Jan. 15, 1971.

Review Denied Feb. 23, 1971.

Lesher & Scruggs, by Monte C. Clausen, Tucson, for appellants.

Stuart Herzog, Tucson, for appellee.

KRUCKER, Judge.

This appeal arises out of one phase of litigation concerning the construction of an indemnity provision in a trust agreement.[1] This litigation followed in the wake of the Arizona Supreme Court decision in Arizona Title Insurance & Trust Company v. Hunter, 103 Ariz. 384, 442 P.2d 831 (1968), which affirmed a judgment in favor of the vendors-beneficiaries against the title company.

In order to expedite the financing and development of certain real property, the vendors conveyed the property in trust to Arizona Title, the trust agreement naming the vendors as "first beneficiary" and Royal Properties, the vendee, as "second beneficiary". The Arizona Supreme Court held that Arizona Title had misinterpreted the extent of its duties and powers under the trust agreement and therefore had breached its duty to the vendors.

After payment of the judgment, Arizona Title sued Royal Properties to recover the amount of the judgment, interest thereon, reasonable attorney's fees and court costs. It claimed a right to indemnification under the following provision of the trust agreement:

"C. If Trustee shall pay or incur any liability to pay any money on account of this trust, or incur any liability to pay any money on account of any litigation as a result of holding title to the trust property or otherwise in connection with this trust, whether because of breach of contract, injury to person or property, fines, or penalties under any law, or otherwise, the Beneficiaries jointly and severally shall pay on demand to Trustee with interest thereon at the rate of 8% per annum until paid, all such pay- ments made by Trustee together with the expenses, including reasonable attorney's fees, and they shall indemnify and hold

Trustee harmless of and from any and all liabilities incurred by it for any reason whatsoever in connection with this trust. Trustee shall have a lien on trust property to secure performance of the obligations of the Beneficiaries under this trust, which lien shall be senior to the respective interest of the Beneficiaries. * * *"

Arizona Title moved for summary judgment on the grounds that, as a matter of law, it was entitled to judgment pursuant to the foregoing provision for indemnity. (Action No. 113348.) Royal Properties filed an amended answer which asserted the defenses of laches and estoppel. The motion for summary judgment was denied. Subsequently, after both cases were consolidated, Arizona Title again moved for summary judgment and this time partial summary judgment was granted on the issue of liability. A date was set for trial to determine the amount of interest due and a reasonable amount of attorney's fees.

Appellants contend that in order for the trial court to have granted summary judgment, it must have concluded either (1) the "hold harmless" provision of the trust agreement entitled Arizona Title to indemnification, notwithstanding its breach of trust (express contract), or (2) the appellants' conduct was such that Arizona Title was entitled to indemnification (implied contract). We reject alternative two as a basis for the ruling since Arizona Title's claim, as set forth in its respective pleadings, was predicated solely on the express contract of indemnity. We therefore confine our review to a determination of whether Arizona Title's losses were within the purview of the "hold harmless" provision.

In this jurisdiction, we are committed to the majority view as to construction of indemnity agreements—the indemnitee is not entitled to be compensated for

---

1. Although we refer to the trust agreement in the singular, in fact, two trust agreements respectively were involved in these consolidated cases. No useful purpose would be served by a detailed recitation of the procedural chronology of the respec- tive cases, which were ultimately consolidated, since the legal question involved in both was the same. In the interest of brevity, therefore, we shall discuss the trust agreement and construction thereof, as if but one were involved.

losses occasioned by its own wrong unless the indemnity agreement expresses such intention in clear and unequivocal terms. Southern Pacific Company v. Gila River Ranch, Inc., 105 Ariz. 107, 460 P.2d 1 (1969); Thornton v. Marsico, 5 Ariz.App. 299, 425 P.2d 869 (1967). We believe this principle is equally applicable to the instant "hold harmless" provision notwithstanding its broad language. As stated in Corbett v. Benioff, 126 Cal.App. 772, 14 P.2d 1028 (1932), wherein a trustee attempted to escape liability for his wrongful conduct in a suit brought by a beneficiary:

> "In our opinion appellants seek to place an unwarranted construction upon said clause. The language is quite broad, but nothing therein contained leads to the conclusion that it was intended to protect appellants against their own wrongful acts in violation of the trust. The construction contended for would practically relieve appellants from every duty which would be otherwise imposed upon them by the creation of said trust." 14 P.2d at 1029.

As we previously indicated, Arizona Title was successfully sued by the vendors, resulting in a judgment for damages occasioned by Arizona Title's breach of trust. If the "hold harmless" provision was not available as a defense in the suit by the "first beneficiary", we cannot conceive that it is available as a basis for recovery against the "second beneficiary".

 We have no quarrel with the principle advanced by Arizona Title that a beneficiary who participates in, authorizes or ratifies a breach of trust is estopped from holding the trustee accountable for such breach. *See,* Zampetti v. Cavanaugh, 406 Pa. 259, 176 A.2d 906 (1962); Waterbury v. Nicol, 207 Or. 595, 296 P.2d 487 (1956), modified 207 Or. 595, 298 P.2d 211 (1956); In re Estate of Jackman, 255 Iowa 410, 122 N.W.2d 910 (1963); De Vrahnos v. George, 203 Cal.App.2d 210, 21 Cal.Rptr. 481 (1962); 90 C.J.S. Trusts § 254. We do not believe this principle is controlling here, however, as appellants were asserting

no claim against Arizona Title. We hold, therefore, that the express contract of indemnity does not include indemnification for losses occasioned by Arizona Title's breach of trust.

■■ An indemnitee is concluded as to facts established in a former action against it and if it appears that the judgment in the first action was based on a finding of fact fatal to his recovery in the subsequent action for indemnity, the latter action cannot be maintained. Kansas City Operating Corporation v. Durwood, 278 F.2d 354 (8th Cir. 1960); Shell Oil Company v. Foster-Wheeler Corp., 209 F.Supp. 931 (E.D.Ill. 1962); County of Los Angeles v. Cox Brothers Construction Co., 195 Cal.App.2d 836, 16 Cal.Rptr. 250 (1961); Kaplan v. Merberg Wrecking Corp., 152 Conn. 405, 207 A.2d 732 (1965). The fact that Arizona Title breached its trust was judicially determined in the suit by the vendors, thus barring recovery under the subject indemnity provision. Consequently, its motion for summary judgment was erroneously granted.

Judgment reversed and the cause remanded for further proceedings not inconsistent herewith.

HOWARD, C. J., and HATHAWAY, J., concur.