511 P.2d 198

ALLISON STEEL MANUFACTURING CO., a corporation, Petitioner,

v.

SUPERIOR COURT OF Arizona, MARICOPA COUNTY, DIVISION THREE, The Honorable Yale McFate, Presiding; and DORR–OLIVER INCORPORATED, a corporation, and E. L. Farmer Construction Co., Inc., a corporation, the Real Parties in Interest, Respondents.

Morris A. STROUD and Marjorie Stroud, husband and wife, Petitioners,

v.

SUPERIOR COURT OF MARICOPA COUNTY, DIVISION THREE, the Honorable Yale McFate, presiding; and DORR–OLIVER, INCORPORATED, a corporation, and E. L. Farmer Construction Co., Inc., a corporation, the Real Parties in Interest, Respondents.

Nos. 1 CA–CIV 2216, 1 CA–CIV 2217.

Court of Appeals of Arizona, Division 1.

June 26, 1973.

Rehearing Denied Aug. 6, 1973.

Review Denied Oct. 2, 1973.

Moore, Romley, Robbins & Green, by Kenneth J. Sherk, Phoenix, for petitioner Allison Steel.

Langerman, Begam & Lewis, P. A., by Samuel Langerman, Phoenix, for petitioners Stroud.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, by John H. Westover, Phoenix, for respondent Dorr-Oliver.

Maupin, Wilson & Maud, by Donald R. Wilson, Phoenix, for respondents.

JACOBSON, Chief Judge, Division 1.

The primary special action before this court sought to set aside a denial by the Superior Court of a motion for summary judgment as to a third party complaint and cross complaint seeking indemnity from the third party cross defendant.

The procedural posture in the superior court giving rise to the primary special action was that Morris Stroud and Marjorie Stroud (Stroud) filed an action seeking damages for personal injuries received by Morris Stroud while working on the erection of a steel structure and employed by the petitioner, Allison Steel Manufacturing Co. (Allison). Named as defendants in that litigation were the respondents, real parties in interest, Dorr-Oliver, Incorporated (Dorr-Oliver) the fabricator and designer of the steel structure and E. L. Farmer Construction Co. (Farmer) the general contractor on the job.[1] Allison was Farmer's subcontractor.

Dorr-Oliver filed a third party complaint against Allison seeking indemnity from Allison for any judgment that might be entered against it in the Stroud litigation. Farmer also sought indemnity from Allison by way of a cross-claim. Allison filed a motion for summary judgment both as to the third party complaint of Dorr-Oliver and as to the cross-claim of Farmer. This motion was denied on November 9, 1972, and trial in the superior court was scheduled to commence on November 15, 1972. On November 10, 1972, Allison filed a special action in this court, being 1 CA–CIV 2216.

A recitation of the procedural manner in which this matter was handled in the Court of Appeals is also necessary for an understanding of this opinion.

This court on November 10, 1972, set the special action for a hearing and oral argument on November 22, 1972. (The trial court extended the time of trial until this date, pending action by this court.) On November 13, 1972, Stroud also filed a special action (1 CA–CIV 2217) seeking an order of this court that in the event the relief requested by Allison was denied, that separate trials be had as to the liability of Dorr-Oliver and Farmer to Stroud and the indemnity claims of Dorr-Oliver and Farmer against Allison. This court ordered the consolidation of the two separate special actions and advanced oral argument to November 20, 1972.

On November 20, 1972, following oral argument, this court entered its order, the pertinent portions of which provided:

"IT IS FURTHER ORDERED granting the relief requested by petition-

---

[1]. Allison was not a party to the Stroud litigation, presumably because of the existence of Workmen's Compensation insurance.

er Allison Steel Manufacturing Co. and directing that the respondent judge enter judgment dismissing the Dorr-Oliver, Incorporated third-party complaint and the E. L. Farmer Construction Co., Inc. cross-claim against petitioners. The written opinion of the court in support of this order will be filed in due course.

"IT IS FURTHER ORDERED that the relief requested by petitioners Morris A. Stroud and Marjorie Stroud in 1 CA–CIV 2217 is denied and their petition is dismissed, the same being moot in view of the order of the Court in 1 CA–CIV 2216."

Following the issuance of this order, Dorr-Oliver and Farmer filed a special action in the Supreme Court seeking a reversal of this court's decision. The members of this court were made parties to the Supreme Court special action. Pending the determination of the Supreme Court special action, this court withheld issuing its written opinion.

In the meantime, the action between Stroud and Dorr-Oliver and Farmer proceeded to trial. While the special action was pending in the Supreme Court, the jury in the Stroud v. Dorr-Oliver and Farmer litigation returned a verdict in favor of Dorr-Oliver and Farmer and judgment was entered on that verdict.

■ Upon this court being advised of the jury's action and the entry of judgment, the court on its own motion dismissed the special action of Allison as being moot on the grounds that the claimed indemnity against Allison would be viable only if Stroud had received a judgment against Dorr-Oliver and Farmer. This order of dismissal, however, expressly provided that the dismissal was without prejudice in the event an appeal was taken by Stroud from the judgment entered against them. Allison timely moved this court for rehearing of the dismissal order. The court, in reconsidering its previous order of dismissal, is of the opinion that the motion for rehearing by Allison is well taken, especially in view of an appeal filed by

Stroud making again the issue of indemnity between Allison and Dorr-Oliver and Farmer alive, in the event the Stroud appeal is successful. For this reason and in order to settle the issues raised by this special action in the event of a retrial of the Stroud case, the Motion for Rehearing by Allison is granted.

■ The special action procedure is proper to determine whether the third party complaint and cross-claim should have been dismissed. Chrysler Corporation v. McCarthy, 14 Ariz.App. 536, 484 P.2d 1065 (1971).

This opinion will now deal with the merits of the Dorr-Oliver and Farmer v. Allison controversy. Since the theory of liability of Dorr-Oliver against Allison is different from Farmer's theory of liability against Allison, these two theories will be handled separately.

### DORR-OLIVER CLAIM

The underlying cause of action of Stroud against Dorr-Oliver was, as previously pointed out, the result of injuries received by Stroud when a portion of the steel structure upon which he was working collapsed. This particular structure was a digester gas cover which was to be furnished by Dorr-Oliver. This cover was to be attached by a center compression ring to the rest of the structure also supplied by Dorr-Oliver. Dorr-Oliver was also to supply specifications for the details as to the installation of this ring and the cover. Apparently, this ring was installed upside down, resulting in the collapse of the structure and the subsequent injuries to Stroud.

The liability of Dorr-Oliver to Stroud was based upon its alleged negligence in designing the cover, improper preparation of specifications for installation of the cover and improper fabrication of the steel. In turn, Dorr-Oliver's claim of indemnity against Allison was based upon Allison's alleged negligence in failing to follow drawings and plans prepared by Dorr-Oliver and the negligent installation

and erection of the structure. In addition to the complete indemnity sought by Dorr-Oliver against Allison, Dorr-Oliver also sought contribution. In summary then, Dorr-Oliver's liability to Stroud turns upon its alleged active negligence in causing Stroud's injuries, and there is no relationship existing, either contractual or arising as a matter of law, between Dorr-Oliver and Allison, which would impose liability upon Dorr-Oliver to Stroud for Allison's negligent acts alone.

■ It is the contention of Dorr-Oliver that the doctrine of Busy Bee Buffet v. Ferrell, 82 Ariz. 192, 310 P.2d 817 (1957), imposes liability upon Allison for indemnity based upon the "passive negligence" of Dorr-Oliver and the "active negligence" of Allison Steel. This court has, however, held that where the liability of the would-be indemnitee to the plaintiff is based upon the indemnitee's active participation in the liability-causing event, no right of indemnity exists against other independent tortfeasors. Chrysler Corporation v. McCarthy, *supra; See,* Transcon Lines v. Barnes, 17 Ariz.App. 428, 498 P.2d 502 (1972) for an analysis and discussion of the Arizona cases dealing with this subject.

■ Dorr-Oliver's liability to Stroud being based, if at all, upon its active participation in the liability causing event, it cannot seek indemnity from Allison, whose independent negligence, if any, may have contributed to cause Stroud's injuries.

■ Nor is Dorr-Oliver entitled to contribution from Allison as contrasted to a claim of indemnity. As we noted in Transcon Lines v. Barnes, 17 Ariz.App. at 437, 498 P.2d at 511:

"Appellant did not seek contribution, however, apparently recognizing that Arizona adheres to the rule denying contribution among joint tortfeasors. This is a harsh doctrine, and its harshness has been explained by Justice Learned Hand as giving rise to 'lenient exceptions' in the form of rules of indemnity [citations omitted]. There are solutions to this problem, but they are not for us to fashion. Our legislature could follow the course of at least eight other states and adopt the Uniform Contribution Among Joint-tortfeasors Act [citations omitted]. Or our supreme court could follow the path of at least nine other jurisdictions and allow contribution by judicial decision. [citations omitted] Until either of these events occurs, however, we do not deem it appropriate to create 'lenient exceptions' in favor of tortfeasors whose negligence contributes to the injury of another."

■ Dorr-Oliver contends, however, that the rule against indemnity or contribution among joint tortfeasors is not applicable in the situation where one joint tortfeasor was grossly negligent, citing Restatement of Restitution, § 97. In this regard, the negligence alleged by Dorr-Oliver against Allison was twofold, first that Allison was using shop drawings rather than completed plans for the installation of the compressor ring and that they should have known that the shop drawings were not the final specifications for this job. Secondly, Dorr-Oliver contends that if Allison had not been negligent and had read the shop plans correctly, it would not have installed the compression ring holding the cover upside down. While Dorr-Oliver classifies these alleged acts of negligence as gross, they do not, in our opinion, reach the standard set in § 97, Restatement of Restitution, which requires that the conduct be "reckless or intentionally wrongful" to enable a negligent tortfeasor to obtain the indemnity from a concurrent tortfeasor.

■ Dorr-Oliver also contends that Stroud's claim of liability against it could be couched in terms of strict liability, which is liability imposed even though Dorr-Oliver exercised all possible care in the preparation and sale of the product. From this premise, Dorr-Oliver argues that it falls into the category of a tortfeasor whose liability is imposed as a matter of law (passive negligence) and hence the principles of Busy Bee Buffet v. Ferrell, *supra,* apply and it is entitled to indemnity. It is true that the doctrine of strict or

products liability imposes liability upon all of those in the chain of placing a product in the stream of commerce, from the retailer, to the wholesaler, to the manufacturer of the product. It is also true that the retailer of the product, absent active participation in the creation of the defects causing the injury, may seek indemnity from the manufacturer whose process created the defect. Pearson Ford Company v. Ford Motor Company, 273 Cal.App.2d 269, 78 Cal.Rptr. 279. However, Dorr-Oliver and Allison do not stand in the relationship of manufacturer and retailer and if they did, Dorr-Oliver would be the manufacturer. We have found no case which would allow the manufacturer of a "defective product", as that term is used in products liability cases, to collect indemnity from a third party whose negligence may also have contributed to the consumer's injuries. The absence of such authority, we assume, must be based in part on the fact that while the liability of a manufacturer for placing a defective product in the stream of commerce is not cast in the ordinary terms of negligence, that is, lack of due care, there is in fact "fault" involved —allowing a defective product to enter the stream of commerce. Such "fault" of necessity must be equated with "active participation in the liability-causing event" which would preclude the right to indemnity.

By reason of the foregoing, summary judgment in favor of Allison on the third party complaint of Dorr-Oliver should have been granted.

### FARMER'S CLAIM

Farmer's cross-claim against Allison was in two counts. The second count sought indemnity from Allison based upon the allegation that it was Allison and not Farmer who was actively and primarily negligent. Farmer did not allege any vicarious liability by reason of Allison's acts. However, the complaint against Farmer by Stroud contended that Farmer was negligent in improperly supervising the work and failing to design and install adequate safety devices. These allegations, if true,

would impose liability upon Farmer for its "active participation in the liability creating event" and what we have stated concerning Dorr-Oliver's claim of indemnity against Allison would be equally applicable to Farmer's claim.

In Count One of the cross claim, Farmer contends it is entitled to indemnity from Allison by reason of the written sub-contract between them, a portion of which provides:

"Subcontractor shall indemnify and save harmless Contractor . . . from and against any and all claims . . . resulting from, or arising out of the performance of . . . the work covered by this subcontract, howsoever the same may be caused or occasioned by any act, action, neglect or omission on the part of the Subcontractor . . . including without limitation any and all claims . . . arising from the death of, or injury to, an agent or employee of either Contractor or Subcontractor . . . ."

▬ It would appear that this contractual provision is clear—Allison agrees to indemnify Farmer from all liability which may arise as a result of Allison's negligence. It does not purport to indemnify Farmer against any liability imposed by reason of Farmer's own negligence. As was stated in Royal Properties, Inc. v. Arizona Title Ins. & Trust Co., 13 Ariz.App. 376, 476 P.2d 897 (1970):

"In this jurisdiction, we are committed to the majority rule as to construction of indemnity agreements—the indemnitee is not entitled to be compensated for losses occasioned by its own wrong unless the indemnity agreement expresses such intention in clear and unequivocal terms." [citations omitted]. 13 Ariz.App. at 377–378, 476 P.2d at 898–899.

If it was the intention of Farmer by the written agreement to be indemnified by Allison for its own negligence, we are unable to find such an intention in "clear and unequivocal terms". *See* Southern Pacific Company v. Gila River Ranch, Inc., 105 Ariz. 107, 460 P.2d 1 (1969).

It therefore, follows that if Farmer is liable to Stroud at all, it would be because of Farmer's own negligence, and the indemnity provisions of the subcontract do not impose the obligation of indemnity upon Allison for such negligence.

While specifically not plead, it does not appear that the subcontract between Allison and Farmer vests in Farmer such control as to impose liability upon it for injuries occurring to the employee of the subcontractor Allison. *See,* German v. Mountain States Telephone & Telegraph Co., 11 Ariz.App. 91, 462 P.2d 108 (1969); Chesin Construction Co. v. Epstein, 8 Ariz.App. 312, 446 P.2d 11 (1968).

For the foregoing reasons, the cross claim of Farmer against Allison should have also been dismissed.

The court having heretofore issued its order directing the trial court to dismiss the third party complaint of Dorr-Oliver against Allison and the cross complaint of Farmer against Allison, and dismissing the special action of Stroud as moot, this opinion reinstates that order and contains the reasons therefor.

EUBANK, P. J., and HAIRE, J., concur.