**Erika DEWBERRY, Appellant,**

v.

**Garland LaFOLLETTE and Mike LaFollette, d/b/a University Mobile Homes, a co-partnership, Appellees.**

**No. 51330.**

Supreme Court of Oklahoma.

July 24, 1979.

Chapel, Wilkinson, Riggs, Abney & Keefer by Benjamin P. Abney, Tulsa, for appellant.

Fitzgerald, Houston & Worthington by Winfrey D. Houston, Stillwater, for appellees.

DOOLIN, Justice:

This appeal arises out of an attempt by an injured plaintiff to plead a cause of action in manufacturers' products liability against a lessor of personal property.

Plaintiff's son and his wife occupied a mobile home under a lease-purchase agreement with defendants. As part of the agreement, defendants supplied a set of access steps to the home. Plaintiff was seriously injured when the stairs collapsed while she was descending them.

Plaintiff filed the present action against defendants as lessors of the mobile home and steps. The trial court sustained defendants' demurrer to the petition for failure to state a cause of action. Plaintiff appeals.

 The policy of strict liability in tort defined as manufacturers' products liability in *Kirkland v. General Motors, 521 P.2d 1353 (Okl.1974)* extends its *protection* to any person using the defective product for its intended purpose. This would include the present plaintiff. The decision further extends *liability* to "suppliers" of the defective product as well as manufacturers and sellers. This may be read to impose liability on all those who inject a product into the stream of commerce whether through a sale or other means.[1] One Oklahoma court holds this includes lessors and bailors engaged in the business of leasing chattels to the public where no sale is involved.[2]

The evident trend of other jurisdictions is to expand the concept of strict liability to include commercial lessors on the basis such persons put products into the stream of commerce in a fashion not unlike a manufacturer or retailer. However, the property must have been placed in the stream of commerce; a casual or isolated transaction does not bring the doctrine into play.[3] See *Francioni v. Gibsonia Truck Corporation, 472 Pa. 362, 372 A.2d 736 (1977); Lechuga v. Montgomery, 12 Ariz.App. 32, 467 P.2d 256 (1970); Bachner v. Pearson, 479 P.2d 319 (Alaska 1970); Price v. Shell Oil Company, 2 Cal.3d 245, 85 Cal.Rptr. 178, 466 P.2d 722 (1970); McClaflin v. Bayshore Equipment Rental Company, 274 Cal. App.2d 446, 79 Cal.Rptr. 337 (1969); Martin v. Ryder Truck Rental, Inc., 353 A.2d 581 (Del.1976); Stewart v. Budget Rent-A-Car Corporation, 470 P.2d 240 (Haw.1970); Galluccio v. Hertz Corporation, 1 Ill.App.3d 272, 274 N.E.2d 178 (1971); Stang v. Hertz Corporation, 83 N.M. 730, 497 P.2d 732, 52 A.L.R.3d 112 (1972); Rourke v. Garza, 530 S.W.2d 794 (Tex.1975); Cintrone v. Hertz Leasing and Rental Service, 45 N.J. 434, 212 A.2d 769 (1965).*

In *Francioni v. Gibsonia Truck Corporation, supra,* the Pennsylvania court pointed out:

"All (foregoing decisions) have premised their holdings on these pertinent factors: (1) In some instances the lessor, like the seller, may be the only member of the marketing chain available to the injured plaintiff for redress; (2) As in the case of the seller, imposition of strict liability upon the lessor serves as an

1. See *Allison Steel Mfg. Co. v. Superior Court of Maricopa County, Division Three,* 20 Ariz. App. 185, 511 P.2d 198 (1973); Restatement of Torts § 402(A) Comments c and f.

2. *Coleman v. Hertz Corporation,* 534 P.2d 940 (Okl.Ct.App.1975).

3. See *George v. Tonjes,* 414 F.Supp. 1199 (W.D. Wis.1976); *Fakhoury v. Magner,* 25 Cal.App.3d 58, 101 Cal.Rptr. 473 (1972).

incentive to safety; (3) The lessor will be in a better position than the consumer to prevent the circulation of defective products; and (4) The lessor can distribute the cost of compensating for injuries resulting from defects by charging for it in his business, i. e., by adjustment of the rental terms. We find the reasoning of these opinions to be highly persuasive and hold that all suppliers of products engaged in the business of supplying products for use or consumption by the public are subject to strict liability for injuries caused by 'a defective condition unreasonably dangerous to the user or consumer or his property.' "

We adopt this reasoning, finding it to be in line with the public policy of this state as espoused in *Kirkland*. We perceive no substantial difference between sellers of personal property and non-sellers of personal property such as lessors. In each instance the seller or lessor places an article in the stream of commerce; it makes no difference that lessor has retained title.[4]

Here plaintiff did not plead liability of defendant based on a landlord-tenant relationship. She alleged defendants were in the business of leasing mobile home accessories, which are personal property. She alleged the steps were defective and unreasonably dangerous when they left the defendants' possession and control. She further pleaded they were the cause of her injuries. These are the necessary elements of a cause of action in manufacturers' products liability, which we hereby make applicable to lessor-lessee relationships.

Accordingly, the trial court's order sustaining defendants' demurrer to petition and entering judgment for defendants is vacated; cause is remanded to trial court to entertain and consider defendants' motion to make definite and certain.

REVERSED AND REMANDED.

All the Justices concur.

4. *Price v. Shell Oil Company*, 2 Cal.3d 245, 85 Cal.Rptr. 178, 466 P.2d 722 (1970).