**Darrell Lee GONSER, Sr., Appellant,**

v.

**John DECKER, d/b/a Decker's Casing Crew, Appellee,**

**and**

**Triad Drilling and National Union Fire Insurance Company, Intervenors.**

**No. 74602.**

Court of Appeals of Oklahoma, Division No. 3.

July 9, 1991.

Duke Halley, Woodward, for appellant.

Michael L. Darrah and Paul B. Middleton, Oklahoma City, for appellee.

## MEMORANDUM OPINION

HANSEN, Presiding Judge:

The issue in this appeal is whether the doctrine of strict liability in tort applies to a situation involving a product used in rendering a service. Appellant Gosner injured his hand while working on an oil rig. At the time of his injury, Appellant was employed by Intervenor Triad Drilling (Triad) which had been hired by the operator of the well, Anadarko Production Company (Anadarko). Anadarko hired Appellee John Decker, d/b/a Decker Casing Crew, (Decker) to pull the casing from the well, an activity commonly referred to as a "laydown" operation. As Decker's crew was pulling casing from the well, a piece of his equipment known as a "bucket" struck Appellant on the hand, causing injuries.

Appellant sought recovery against Decker on the theories of both negligence and strict liability in tort. Decker moved for partial summary judgment arguing it did not manufacture, sell or distribute the bucket. The trial court sustained Decker's motion, and this appeal results.[1]

Strict liability in tort has been defined in this state as manufacturers' products liability in *Kirkland v. General Motors*, 521 P.2d 1353 (Okla.1974). Liability under *Kirkland* is extended not only to manufacturers and sellers of a defective product but to "suppliers" as well. A "supplier" has been defined as one who injects a product into the stream of commerce "whether through a sale or other means", and regardless of whether title to the product is retained by the supplier. *Dewberry v. LaFollette*, 598 P.2d 241, 242 (Okla.1979), citing *Allison Steel Manufacturing Co. v. Superior Court of Maricopa County, Division Three*, 20 Ariz.App. 185, 511 P.2d 198 (1973) and Restatement of Torts § 402(A) Comments c and f.

Under this theory, Appellant had the burden of showing Decker injected the bucket into the stream of commerce, whether through a sale or otherwise. Appellant cites *Dewberry* for the proposition there is no legal difference between a seller, lessor or bailor of a product as each places the product in the stream of commerce. 598 P.2d at 243. Although *Dewberry*, consistent with *Kirkland*, extended liability to a lessor of a defective products, our Supreme Court has yet to extend liability to a bailor.

---

1. Appellant's negligence action proceeded to trial, resulting in a judgment on a jury verdict in favor of Decker. Appellant did not appeal this judgment.

Decker was not a lessor of the bucket. Rather, Decker was in the business of providing a service for well operators. The record reflects the bucket was a necessary piece of equipment which, along with a "hook", Decker made available when he was hired to perform a lay-down operation in case the oil rig crew—in this case, Triad—did not have a bucket or hook on site. That is, the record indicates some well operators provided buckets and/or hooks for the use of the oil rig crew for lay-down operations; others did not. Decker, as a provider of lay-down operations services, equipped its trucks with equipment which, if necessary, would allow him to perform the required operation for which he received payment, regardless of whether he used his own equipment.

Any liability which would attach to Decker, then, must be predicated on Decker's status as a bailor injecting the product into the stream of commerce. We have reviewed cases from other jurisdictions in which the doctrine of strict liability in tort was extended to bailment transactions. See, *Nawakowski v. Hoppe Tire Co.*, 39 Ill.App.3d 155, 349 N.E.2d 578 (1st Dist. 1976), (defendant substituted defective wheel assembly from own stock while repairing customer's truck); *Bainter v. Lamoine LP Gas Co.*, 24 Ill.App.3d 913, 321 N.E.2d 744 (3d Dist.1974) (defendant loaned defective gas tank in which customer stored gas purchased from defendant); *Fulbright v. Klamath Gas Co.*, 271 Or. 449, 533 P.2d 316 (1975), (defendant provided defective potato vine burner to customer in connection with sale of gas). However, we find these cases unpersuasive as in each, the bailment in question arose out of a transaction which was essentially commercial in nature. That is, and as the Court noted in *Armstrong Rubber Company v. Conrada Urquidez*, 570 S.W.2d 374 (Tex.1978), in each of these cases the bailment accompanied a sale of goods or services and the supplier "released the product to its customer"; accordingly, the product provided was in the stream of commerce.

In the instant case, the record is void of evidence indicating Decker released the bucket to either the well operator with whom Decker contracted for the lay-down operation, the Triad rig crew in general, or Appellant in particular. Rather, the record reflects that Decker utilized its own equipment, the bucket, to accomplish the lay-down operation. In order to do so, and in accord with customary industry practice, Triad's rig crew occupied one platform, pulling casing from the well and loading it in the bucket which was then lowered to Decker's crew which unloaded the bucket and sent it back to the Triad crew. Appellant was injured after the bucket was released by the Decker crew and before it was reloaded with casing.

We find Decker's actions in providing the bucket for its own use, and only incidentally for that of Triad, did not operate to inject the bucket into the stream of commerce. Rather, we find Decker's actions in providing the bucket for possible use as part of its lay-down operation for Anadarko a casual transaction which does not trigger the doctrine of strict liability in tort. See, *Dewberry*, 598 P.2d at 242 (citations omitted). Therefore, under the facts and circumstances of this case, we decline to extend the doctrine of strict liability in tort to a situation in which the defendant is neither a seller nor lessor but merely uses and allows its own equipment to be used in providing a service.

■ A party may not rely on the allegations of its pleadings or the bald contention that facts exist to defeat a motion for summary judgment. *Zaragosa v. Oneok, Inc.*, 700 P.2d 662 (Okla.App.1984). Rather, on review of orders granting a motion for summary judgment, this court will "examine the pleadings and evidentiary materials to determine what facts are material to [the] cause of action, and to determine whether the evidentiary materials introduced indicate whether there is a substantial controversy as to one material fact and that this fact is in the movant's favor." *Ross, by and through Ross v. City of Shawnee*, 683 P.2d 535, 536 (Okla.1984).

In the instant case, the record reflects no evidence to support the material fact that Decker is a supplier of a product injected into the stream of commerce. We therefore find no error by the trial judge in granting Decker's motion for summary judgment.

AFFIRMED.

HUNTER, C.J., and JONES, J., concur.