MISSOURI PACIFIC RD. COMPANY *v.* BARNES.

4-5222                                121 S. W. 2d 896

Opinion delivered November 28, 1938.

R. E. *Wiley* and E. W. *Moorhead,* for appellant.

Y. W. *Etheridge,* for appellee.

HUMPHREYS, J. Appellee brought suit against appellants in the circuit court of Ashley county to recover damages for the destruction by fire of a warehouse and the contents thereof owned by her, which was located within a few feet of appellants' railroad tracks and on its right-of-way about 200 yards south of its depot, it being alleged that the fire was started by one of its engines when passing said warehouse.

The action was bottomed upon § 11147 of Pope's Digest making corporations operating railroads in this state liable for the destruction of, or injury to, any property, real or personal, which may be caused by fire through the operation of such railroad regardless of whether the fire causing such damage was the result of the negligence of the railroad company, its employees, agents or servants, and providing that: "All corporations, companies or persons, engaged in operating railroad wholly or partly in this state shall be liable for the destruction of, or injury to, any property, real or personal, which may be caused by fire, or result from any locomotive, engine, machinery, train, car, or other thing used upon said railroad, or in the operation thereof, or which may result from, or be caused by, any employee, agent or servant of such corporation, company or person upon or in the operation of such railroad, and the owner of any such property, real or personal, which may be destroyed or injured, may recover all such damage to said property by suit in any court, in the county where the damage occurred, having jurisdiction of the amount of such damages, and upon the trial of any such action or suit for damage it shall not be lawful for the defendant in such suit or action to plead or prove as a defense thereto that the fire which caused such injury was not the result of negligence or carelessness upon the part of

such defendant, its employees, agents. or servants; but in all such actions it shall only be necessary for the owner of such property so injured to prove that the fire which caused or resulted in the injury originated or was caused by the operation of such railroad, or resulted from the acts of the employees, agents or servants of such railroad company, . . ." Appellee recovered a judgment of $800, her costs and an attorney's fee of $150, from which is this appeal.

It was developed in the progress of the trial that the land upon which the warehouse was located had been leased from appellant by J. K. Barnes, who was the son of appellee, and in charge and control of all her business, on the sixth day of June, 1930, and that the written lease exempted the lessor from liability as follows:

"(e) to assume all risks of loss, injury or damage of any kind or nature to any building or other structure or appurtenance thereto, belonging to lessee, or to others, which may be now or hereafter placed on premises, and all risks of loss, injuries or damage of any kind or nature to the contents of such buildings or structures or to any goods, merchandise, chattels, or any other property now or that may hereafter be upon premises, whether belonging to lessee or to others, and whether such loss, injury or damage results from fire, flood or other agency, or whether the same be caused by the negligence of carrier, its agents, servants or employees, or otherwise, and. to protect, indemnify and save harmless the carrier from all claims or demands or suits or actions growing out of any such loss, injury or damage."

The lease contained the provision relative to the term thereof as follows: "Term hereof shall be deemed concluded by (a) expiration of thirty days following serving by carrier of written notice of such being carrier's intention. (b) Lessee failing for ten days to cure any default after written notice thereof, (c) expiration of thirty days following serving by lessee, subsequent to aforesaid fixed term, of written notice of such being lessee's intention or (d) lessee's non-user of premises for any six consecutive months.' "

J. K. Barnes testified that the agent of appellants at Parkdale told him that he had received a letter from the railroad officials to cancel the lease on that part of its right-of-way on which the warehouse was located, and notified him to move the warehouse and its contents off the right-of-way; that he did not do so, because the lease provided for the railroad officials to do that; that after receiving the verbal notice from the agent he quit using the warehouse, but left the warehouse and the contents consisting of four 802 gin heads, with cleaners, feeders, belts and pulleys being a complete battery of four gin heads worth $2,500 or more, and three thousand pounds of sacked sulphur in the warehouse, which belonged to his mother; that he continued to pay the annual rental of $36 per year to appellants, because the lease contained other buildings on the right-of-way which he had leased for his mother, and which he had continued to use; that after he received notice that the lease was canceled as to the warehouse he left the same gin heads, etc., in the house which had been in it before receiving the notice; that after receiving the notice the railroad company fenced its right-of-way, including the land occupied by the warehouse, with a barbed wire fence.

Appellants contend that, under the provisions of the lease and testimony of J. K. Barnes, there was no cancellation of the lease, and, that under the provisions of the lease, they were exempted from liability on account of destruction of the warehouse and contents thereof by fire.

A majority of the court are of the opinion that this contention should have been sustained, and that the trial court erred in not directing a verdict for the appellants.

The writer and Justices Mehaffy and Donham are of opinion that the cancellation of the lease was a question for determination by the jury under the evidence in the case.

The majority opinion makes it unnecessary to consider and determine the issue of liability relative to setting out the fire that destroyed the warehouse and the contents thereof, and the correctness of the instructions responsive to that issue; and also unnecessary to con-

sider and determine the liability of J. K. Barnes on the cross-complaint of appellants against him.

On account of the error indicated the judgment is reversed, and the cause is dismissed.