Argued January 30; affirmed February 13, 1945

# GLENS FALLS INDEMNITY CO. OF GLENS FALLS, N. Y. *v.* REIMERS ET AL.

(155 P. (2d) 923)

Before BELT, Chief Justice, and ROSSMAN, KELLY, LUSK and BRAND, Associate Justices.

*Nicholas Jaureguy,* of Portland (John S. Coke and Cake, Jaureguy & Tooze, all of Portland, on the brief), for appellants.

*E. K. Oppenheimer,* of Portland (Wilbur, Beckett, Howell & Oppenheimer, of Portland, on the brief), for respondents.

KELLY, J.

The Portland General Electric Company, a corporation, maintained a substation, known as the Jefferson sub, at Southwest First and Jefferson Streets, Portland, Oregon. The record discloses that the purpose of a substation is to transform higher voltages of electric current to lower voltages and distribute such electric current through the district served thereby.

On the 21st day of October, 1940, an agreement was made and entered into by and between said Portland General Electric Company, thereinafter called the "company", and Reimers and Jolivette, contractors of Portland, Oregon, and defendants herein, wherein, among other things, the contractors agreed to furnish all labor and material necessary for a complete Gunite job on the exterior face of said substation building.

This agreement contains the following provision:

"2. *Approval of Work.* All work hereunder shall be performed under the supervision and subject to the approval of the engineer of the company."

It is also provided in said agreement as follows:

"6. *Indemnity.* The Contractor assumes all responsibility for damage to property or persons and will save and hold harmless the Company, its officers, agents and employees from * * * all liability for personal injury, and from costs, charges

or expense reasonably incurred by the Company on account of such damages, injury or claims therefor which may arise or result from the performance, nonperformance or malperformance of this contract.''

At the time of the execution of said contract, certain uninsulated 1200-volt electrically energized wires entered and were attached to said building at the top of the second story thereof, and said wires continued in said place and in the same condition at all times subsequent thereto until after the 19th day of November, 1940.

On the 19th day of November, 1940, one J. J. Mathis, an employee of subcontractors of defendants herein, while tying and fastening wire netting upon and to the exterior of said substation building, came in contact with said electric wires and as a consequence thereof sustained certain personal injuries.

On June 29, 1942, Mr. Mathis instituted an action in the circuit court in and for Multnomah County, Oregon, against plaintiff herein, Portland General Electric Company, to recover damages sustained by reason of said personal injuries.

In said last mentioned action an amended complaint was filed by said Mathis, wherein the specifications of negligence therein charged against said Portland General Electric Company are set forth as follows:

"(a) In permitting an electric current of high voltage and a voltage equal to or in excess of 1200 volts to pass out of its building in close proximity to where workmen were required to work in the repair and alteration of its said building.

(b) In failing to properly insulate a wire or series of wires which were charged with electricity and which entered or emerged from defendant's

building where plaintiff was working on a scaffold in close proximity to metal uprights and mesh fastened on a concrete wall which had been constructed of reinforced steel when the defendant knew, or in the exercise of ordinary care should have known, that said metal uprights and the mesh fastened thereon and the concrete constructed as aforesaid would furnish a ground for current to come from said wires and thereby injure workmen who were working in close proximity to said wires.

(c) In failing to disconnect the current running through said wires while workmen were working on and near said building when the defendant knew, or in the exercise of ordinary care should have known, that said wires and the electricity therein constituted an unnecessary danger and hazard to workmen who were required to work on the scaffold in close proximity to said wires.

(d) In failing to advise and notify the plaintiff of the presence of said wires, and in failing to warn the plaintiff that wires charged with electricity were in close proximity to where plaintiff was required to work, and in failing to warn the plaintiff of the danger incident to working on a scaffold near said wire or wires.

(e) In failing to use every device, care, and precaution practicable and which could have been used without impairing the efficiency of the work in that the defendant could have provided greater insulation around said wires, and could have so insulated the same that an electric current could not emit therefrom, and defendant could have warned the plaintiff that there were wires in close proximity to where plaintiff was working, and that said wires were charged with electricity, and defendant could have disconnected the current from said wires and could have provided another line to carry its electricity from said building while it was making alterations on the wall of said building from where said live wires emitted, and defendant could have trans-

mitted its electric current out of said building and into said building at a place other than where plaintiff and other workmen were required to work.''

By its answer to the amended complaint of said Mathis, the Portland General Electric Company denied each and every allegation contained therein except that on November 9th, 1940, and at the time of the alleged injury to plaintiff [Mathis], plaintiff was in the employ of Cann & Gray and was required in the course of his employment to work upon a scaffold then and there on the premises of defendant [Portland General Electric Company] at Southwest First Avenue and Jefferson Streets in the city of Portland, Oregon.

By a further and separate answer defendant therein, Portland General Electric Company interposed the defenses of assumption of the risk and contributory negligence.

The action so instituted by Mr. Mathis against the Portland General Electric Company came on regularly for trial before the circuit court of Multnomah County, Oregon, sitting with a jury and on the 14th day of January, 1942, the following verdict was returned, omitting the title of the case, the date and the signature of the foreman, to-wit:

''We, the jury empaneled and sworn to try the above entitled cause, do find the issues in favor of the plaintiff and against the defendant, and assess plaintiff's damages in the sum of $6,000.00.''

On the 15th day of January, 1942, judgment in said sum of $6,000.00, together with plaintiff's costs and disbursements was entered in favor of Mr. Mathis and against the Portland General Electric Company.

Later an adjustment was made and the sum demanded in the instant case was paid to Mr. Mathis.

Plaintiff, Glens Falls Indemnity Company, was the Portland General Electric Company's insurance carrier and, if recovery had been awarded against defendants herein, it would have been in favor of said Glen Falls Indemnity Company.

After the trial of the instant case to the court without a jury, the trial court, among other things, found:

That the allegations and charges of fault and negligence made by Mathis against the Portland General Electric Company, as finally sustained after trial, established a violation by the Portland General Electric Company of what is generally known as the Employers' Liability Act of Oregon, and, also that the alleged injuries sustained by Mathis were due to the primary fault and negligence of the Portland General Electric Company.

The trial court further found:

"That the liability of the Portland General Electric Company for the injury sustained by J. J. Mathis arose directly out of its own negligence in violating the express requirements of the Employers' Liability Law of Oregon and that its said negligence as aforesaid was the primary negligence and was the direct and proximate cause of Mathis' injuries and that the same was not merely passive negligence nor was said negligence the result of a new condition created by Cann & Gray" [the subcontractors] "or the defendants herein."

Thus it will be seen that the controlling question upon this appeal is whether the provision indemnifying the Portland General Electric Company, as expressed in the contract between that company and defendants herein, embraces the result of negligence on the part of the General Electric Company as a basis for requir-

ing defendants to reimburse the General Electric Company as sought by plaintiffs' complaint herein.

■ Speaking through Mr. Justice BRAND, this court has said:

"If an indemnitee negligently causes injury to a third party and thereby suffers liability and loss by reason of its own sole negligence, it is properly held that he cannot have indemnity in an action on a bond against the indemnitor, unless it is clearly made manifest in the bond that it was intended to cover the indemnitee against his own negligent acts." *United States Fidelity and Guaranty Co. v. Thomlinson-Arkwright Co.,* 172 Or. 307, 324, 141 P. 2d 817.

In that case, the facts did not permit the application of the rule above quoted.

In an opinion by Mr. Justice LUSK, this court again recognized the rule and applied it. *Southern Pacific Co. v. Layman,* 173 Or. 275, 145 P. (2d) 295. In this opinion, the authorities supporting the rule are cited. No good purpose can be served by repeating those citations.

■ The clause of indemnity in the contract in suit does not indemnify the Portland General Electric Company against its own negligent acts; but indemnifies only from damages, injuries or claims for personal injury which may arise or result from performance, nonperformance or malperformance of said contract.

The findings of the trial court are supported by the record. There being no reversible error, the judgment of the circuit court is affirmed.