460 P.2d 1

**SOUTHERN PACIFIC COMPANY, a Dela-
ware corporation, Appellant,**

v.

**GILA RIVER RANCH, INC., an Arizona
corporation, Appellee.**

No. 9730–PR.

Supreme Court of Arizona.

In Banc.

Oct. 23, 1969.

Evans, Kitchel & Jenckes, Phoenix, for appellant.

Jennings, Strouss, Salmon & Trask, Phoenix, for appellee.

UDALL, Chief Justice.

In 1934 plaintiff, Southern Pacific Company, hereinafter referred to as the rail-road, entered into a written "Private Road Crossing Agreement" with the predecessor of defendant, Gila River Ranch, Inc., hereinafter referred to as the ranch. In consideration of the railroad's permitting the ranch to construct and use a road across its tracks, the ranch agreed to keep the crossing in good repair and to indemnify the railroad against all loss and expense "of every kind and nature, from any cause whatsoever, resulting directly or indirectly from the maintenance, presence or use of the crossing." The parties stipulated that despite the ranch's agreement to keep the crossing in good repair, the property and the crossing were at all times owned and maintained exclusively by the railroad.

In 1964 Parrish, a lessee of the ranch, sent his employee to drive a truck and trailer across the tracks to get its cargo of cotton weighed. A picture, in the record, shows that the crossing was in a very bad state of repair. The chain holding the trailer to the truck broke, and the trailer became wedged against the track. Before the driver could extricate it, one of the railroad's trains struck it.

The suit which followed was not by Parrish against the railroad, but was by the railroad against the ranch. It was not based on tort, but was brought ex contractu on the indemnity clause of the written crossing agreement. The case was tried to a jury which brought in a general verdict in favor of the defendant ranch, and two special verdicts: (1) That the railroad did not operate the train negligently, and (2) That the railroad was negligent in the maintenance of the crossing and that the negligence was the proximate cause of the accident.

The railroad appealed. The Court of Appeals (Judge Molloy dissenting) reversed, (9 Ariz.App. 570, 454 P.2d 1010) and directed that judgment be entered in favor of the railroad. We granted defendant's petition for review.

The only issue involved is the interpretation of the indemnity clause of the cross-

ing agreement—specifically whether the language is broad enough to indemnify against negligent acts *of the indemnitee.*

In Southern Pacific Company v. Layman, 173 Or. 275, 145 P.2d 295 (1944) the same railroad and *the identical crossing agreement* were involved, and the Supreme Court of Oregon held that the indemnification clause did not cover damage resulting from the railroad's own negligence. Some of the language used in the opinion is as follows:

"It is a firmly established rule that contracts of indemnity will not be construed to cover losses to the indemnitee caused by his own negligence unless such intention is expressed in clear and unequivocal terms. * * * The liability on such an indemnity is so hazardous, and the character of the indemnity so unusual and extraordinary, that there can be no presumption that the indemnitor intended to assume the responsibility unless the contract puts it beyond doubt by express stipulation. *No inference from words of general import can establish it.*" (Italics ours.)

The court also stated that any other interpretation could subject a farmer to ruinous liability for negligence of the railroad over which he had no control, and that neither party intended him to assume such a risk for the mere privilege of passing over the railroad's tracks. Another reason is the inequality in the bargaining power of a small rancher and the giant railroad.

The railroad argues that Layman, supra, is not in point for various reasons which we find unimpressive. The language of Layman, supra, is exactly in point. The same rule has been followed in Vinnell Company v. Pacific Electric Company, 52 Cal.2d 411, 340 P.2d 604 (1959), and in Southern Pacific Company v. Pittsburgh-Des Moines Steel Company, Cal.App., 77 Cal.Rptr. 748 (1969). The Layman rule, supra, is in accord with the weight of authority. See 175 A.L.R. at pages 30 and 31, and 14 A.L.R.3rd at pages 468–473.

In Arizona, Division II of our Court of Appeals rejected the rule, in Graver Tank and Manufacturing Company v. Fluor Corp., Ltd., 4 Ariz.App. 476, 421 P.2d 909, though it admitted that it was following the minority view. A few months later, Division I followed the majority and accepted the rule in Thornton v. Marsico, 5 Ariz.App. 299, 425 P.2d 869.

It is our opinion that the majority view is supported by the better reasoning and is best adapted to produce just results.

Opinion of the Court of Appeals vacated. Judgment of the Superior Court affirmed.

UDALL, C. J., LOCKWOOD, V. C. J., and STRUCKMEYER, McFARLAND, and HAYS, JJ., concur.