623 P.2d 836

**DOW CHEMICAL FINANCE CORPORA-TION, Dow Chemical Investment & Financial Corporation and Fireman's Fund American Insurance Companies, Plaintiffs/Appellees,**

**v.**

**MARANA ASSOCIATES, a partnership; Kirby Hughes and Edith Hughes, husband and wife, and individually; J. D. Hughes and Pauline Hughes, husband and wife, and individually; Ronnie Hughes and Shelley Hughes, husband and wife, and individually, Defendants/Appellants.**

**2 CA–CIV 3540.**

Court of Appeals of Arizona, Division 2.

Dec. 10, 1980.

Rehearing Denied Jan. 29, 1981.

Review Denied Feb. 18, 1981.

Chandler, Tullar, Udall & Redhair by Robert E. Lundquist, Tucson, for plaintiffs/appellees.

Stanfield, McCarville, Coxon & Fitzgibbons by Franklin D. Coxon, Casa Grande, for defendants/appellants.

## OPINION

HOWARD, Judge.

The issue in this case is whether a landlord, whose negligence causes injury to persons outside the leased premises, is entitled to be indemnified by the lessee of the premises.

Dow Chemical leased farm land to Marana Associates. The lease contained the following language:

"8. Lessee, as a material part of the consideration to be rendered to Lessor, hereby waives all claims against Lessor for injuries to persons in or about said premises from any cause arising at any time, and Lessee will hold Lessor exempt and harmless from any damage or injury to any person or to the property of any person, *arising from the use of the premises by Lessee.*

\*     \*     \*     \*     \*     \*

10. The said *Lessee hereby acknowledges that it is familiar with the quality of the soil* and all soil conditions of the said demised premises, and *is also familiar with the irrigation pumps, wells, and other irrigation accessories and improvements upon said premises.* ... Lessee accepts the said demised premises without any warranty or guaranty on the part of the Lessor as to the soil upon said premises or the soil conditions thereof, *and it accepts the said demised premises as said premises are at the execution of this Lease* with no improvements required to be made by Lessor. (Emphasis supplied)

13. ... Lessee hereby covenanting and agreeing to forever indemnify, hold, save and defend Lessor harmless from all liability, loss, cost, and obligations on account of or arising out of *any such injury or damage however occurring, including but not limited to the failure of Lessee to keep the premises in good condition and repair as herein provided, or from any work or operations whatsoever carried on or conducted by or for Lessee,* or under Lessee's order, direction or control in, at, about or near the premises, or otherwise." (Emphasis added)

In the summer of 1971 heavy rains caused a break in a dike which had been built on the leased property in the 1930s, causing

severe property damage to neighboring landowners who sued Dow Chemical and other property owners in the area.

The pretrial order shows that the issue of fact and law to be tried concerned the question of whether Dow Chemical was negligent in the construction or maintenance of the dike or whether it was to be held strictly liable for the damages. A court trial was held on the issue of liability only. It found against Dow Chemical, stating in its minute entry that Dow Chemical had collected and diverted water onto the property owned by the plaintiffs. The written judgment, prepared by Dow's attorney, stated that "Dow Chemical negligently failed to safely operate and maintain and use the artificial structures on its property."

After entry of judgment, Dow Chemical settled the claims against it for the sum of $41,750.

Dow Chemical subsequently filed this action seeking indemnity for the settlement sum from its lessee. Both sides moved for summary judgment which was granted in favor of Dow Chemical and against appellants.

Dow Chemical contends it is entitled to indemnity based upon either the lease provisions or a common law right of indemnity. We do not agree.

■ Contracts of indemnity will not be construed to cover losses to the indemnitee caused by his own negligence unless such intention is expressed in clear and unequivocal terms. *Sequoia Manufacturing Company, Inc. v. Halec Construction Company,* 117 Ariz. 11, 570 P.2d 782 (App.1977); *Southern Pacific Company v. Gila River Ranch, Inc.,* 105 Ariz. 107, 460 P.2d 1 (1969); *Anaconda Company v. Chapman-Dyer Steel Manufacturing Company,* 117 Ariz. 254, 571 P.2d 1050 (App.1977); *Royal Properties, Inc. v. Arizona Title Insurance & Trust Company,* 13 Ariz.App. 376, 476 P.2d 897 (1970).

1. See also *Texas Company v. Sowers,* 258 S.W.2d 924 (Ky.App.1953); 49 Am.Jur.2d Landlord and Tenant, Sec. 903; 52 C.J.S., Landlord and Tenant Secs. 432 and 433; cases cited in the Restatement (Second) at p. 251 et seq.

Section 18.1, Restatement (Second) of Law, Property 2d Landlord and Tenant, states:

"A landlord who transfers the possession of the leased property in a condition which he realizes, or should realize, will involve unreasonable risk of physical harm to others outside the leased property, is subject to the same liability for physical harm subsequently caused to them by the condition as though he had remained in possession." [1]

The landlord's liability in such cases exists not as a result of any action or inaction on the part of the tenant but is based upon the landlord's own failure to eliminate the dangerous condition when the leased property was under his full control. *Mitchell's Administrator v. Brady,* 124 Ky. 411, 99 S.W. 266 (App.1907); *Kelly v. Laclede Real Estate & Investment Company,* 348 Mo. 407, 155 S.W.2d 90, 138 A.L.R. 1065 (1941); *Ahern v. Steele,* 115 N.Y. 203, 22 N.E. 193 (1899).

■ The trial court in the flood damage case found Dow Chemical negligent and that such negligence was its own independent negligence. The lease upon which Dow Chemical relies does not satisfy the "clear and unequivocal" test as required by our supreme court in *Southern Pacific Company v. Gila River Ranch,* supra.

■ Since Dow Chemical was independently negligent it may not recover here. There can be no indemnity between joint tortfeasors. *Pinal County v. Adams,* 13 Ariz.App. 571, 479 P.2d 718 (1971).

The judgment is reversed and the case is remanded to the trial court with instructions to enter judgment in favor of the appellants and against the appellees.

HATHAWAY, C. J., and BUCHANAN, Superior Court Judge, concur.

See also *Dennis v. City of Orange,* 110 Cal.App. 16, 293 Pac. 865 (Cal.App.1930) where condition of defendant's premises caused creek waters in time of flood to be thrown against the plaintiff's adjoining land.

NOTE: Judge JAMES L. RICHMOND having recused himself in this matter, Judge ROBERT B. BUCHANAN was called to sit in his stead and participate in the determination of this decision.