753 P.2d 1207

**CITY OF SCOTTSDALE, a municipal corporation, Plaintiff/Appellant,**

v.

**Kurt B. THOMAS, Richard D. Cantin and Bonnie A. Cantin, husband and wife; Dennis M. Mastro and Jane Mastro, husband and wife; Noel E. Cullison and Barbara Cullison, husband and wife; Charles I. McCluey and Linda C. McCluey, husband and wife; Edward E. Burr, Trustee; and Edward E. Burr and Jane Doe Burr, husband and wife; Victor La Tempa and Debra La Tempa, husband and wife, Defendants/Appellees.**

No. 2 CA–CV 88–0095.

Court of Appeals of Arizona,
Division 2, Department B.

April 14, 1988.

Office of the City Attorney by Fredda J. Bisman, Scottsdale, for plaintiff/appellant.

Osmond Burton, Jr., Tucson, for defendants/appellees.

OPINION

FERNANDEZ, Judge.

The City of Scottsdale appeals from an order denying its request for a mandatory injunction to compel removal of encroachments on an easement owned by the city over a portion of appellees' property. We reverse.

In July 1967, the city approved a plat which established the subdivision of Paradise Valley Farms. Included in the plat was the dedication of an easement to the city along the easterly 40 feet of the subdivision "for flood protection and roadway purposes." In October 1982, the city council adopted a resolution which abandoned 25 feet of the easement because it was "no longer necessary for public use as roadway." Attached to the resolution, and by reference made a part thereof, is a listing of the revised legal descriptions of the affected homeowners' properties showing the remaining 15-foot easement. Each revised description states that the 15 feet is reserved "as an equestrian easement." There is no mention of this reservation in the resolution abandoning the 25 feet.

For some years, the city had channels cut in the area for flood control purposes, but those channels no longer exist and are no longer necessary. The city has never maintained the easement, and some of the appellees have built fences, walls and corrals in the easement. The city sent letters seeking to have the encroachments removed and filed suit when the letters produced no results.

At the evidentiary hearing on the request for an injunction, the city produced evidence that it had specific design criteria for equestrian trails, that the city presently

maintains about three miles of equestrian trails and that the proposed trail would be maintained if the department were instructed to do so. Appellees presented testimony that the homeowners did not want an equestrian trail on the easement, that they were concerned about maintenance of the trail and insurance coverage in the event of injuries or damage caused by the trail. The trial court denied the request for injunction, finding that the city had changed the purpose of the easement when it abandoned the 25–foot strip in 1982 and that appellees did not consent to the change. The court, in noting that a significant change cannot be made in the use of an easement without the consent of the holder of the servient estate, found that:

> The City's argument is a subjective one opining that the burden of being near to a roadway would be greater than that of being next to an equestrian path.
>
> The homeowner's [sic] subjective opinion is that the equestrian path places a 'greater' burden upon their adjoining properties.
>
> The important fact is that the easement that the City now claims is dramatically different from the easement that was originally granted. The new easement is for a purpose far different from the bargained for, 'specific purpose' of the original easement.

The city contends on appeal that the court erred in denying the request because appellees failed to establish their affirmative defense of increased burden to the servient properties.

■ The general rule with regard to the use of easements is that "the owner of the easement cannot materially increase the burden of the servient estate or impose thereon a new and additional burden." 25 Am.Jur.2d *Easements and Licenses* § 72 at 478 (1966); see also *Pinkerton v. Pritchard*, 71 Ariz. 117, 223 P.2d 933 (1950). Appellees contend that this case is like that of *City of Elk City v. Coffey*, 562 P.2d 160 (Okla.App.1977). We disagree. In that case, the city had an easement for installation and maintenance of utilities. The court rejected the city's claim that the ease-

ment also permitted it to drive its trash trucks across the property in order to collect garbage on a regular basis. No such increase in the burden on the servient properties is contemplated here.

The evidence presented at the hearing was that the easement is not quite one-half mile long and terminates at both ends onto paved streets. At oral argument, appellees conceded that they were not concerned about the volume of expected traffic on the proposed equestrian trail and indicated that the focus of their concern was the nature of the use contemplated by the city.

We fail to see how the change in the dedicated use of the easement from "roadway purposes" to an equestrian trail either increases the burden of the servient estate or imposes an additional burden upon it. We find that the proposed equestrian trail comes within the dedicated uses of the easement.

■ This court is not bound by the conclusions of law reached by the trial court. *Tovrea Land & Cattle Co. v. Linsenmeyer*, 100 Ariz. 107, 412 P.2d 47 (1966); *Huskie v. Ames Brothers Motor & Supply Co.*, 139 Ariz. 396, 678 P.2d 977 (App.1984). We conclude that the trial court erred in finding that the easement which the city currently claims is "dramatically different" from the original dedication.

The order denying injunctive relief is reversed.

LIVERMORE, P.J., and ROLL, J., concur.