857 P.2d 392

**Theodore E. KLIMKOWSKI, Plaintiff–Appellant,**

**v.**

**John DE LA TORRE and Olivia De La Torre, husband and wife, Defendants–Appellees.**

**No. 1 CA–CV 91–212.**

Court of Appeals of Arizona, Division 1, Department C.

July 20, 1993.

James W. Hill, Ltd. by James W. Hill, Phoenix, for plaintiff-appellant.

Beer, Toone & Ryan, P.C. by Stephen C. Ryan and Christian K.G. Henrichsen, Phoenix, for defendants-appellees.

## OPINION

McGREGOR, Judge.

This case presents the narrow issue whether a landlord may be held liable for damages resulting from a nuisance created

---

* NOTE: The Honorable Michael J. O'Melia, Maricopa County Superior Court Judge, was authorized to participate in the disposition of this matter by the Chief Justice of the Arizona Supreme Court pursuant to Ariz. Const. art. VI, § 3.

by tenants after they come into possession of the leasehold property when the landlord, after notice of the nuisance, continues to rent the property to the tenants on a month-to-month basis. Because we conclude that a landlord may be held liable under these circumstances, we reverse the trial court's grant of summary judgment to the landlord.

## I.

Theodore E. Klimkowski (plaintiff) owned a piece of real property that bordered on a five-acre parcel of property owned by John and Olivia De La Torre (the De La Torres). The De La Torres rented a portion of their property on a month-to-month basis to Lupe Medina, his wife and their three young children (the Medinas).

In March 1989, plaintiff observed automobiles being dismantled and repaired on the Medinas' portion of the De La Torre property. Automobile parts, including one gas tank stored half inside and half outside a storage shed, rested near the property line. The storage shed also contained large amounts of paints, thinners and tar paper. Plaintiff, who saw the Medina children playing with cigarette lighters on various occasions, feared that this situation presented an extreme fire danger that threatened his property.

In May 1989, plaintiff alerted Mr. De La Torre to the situation that existed on his property.[1] Despite this knowledge, the De La Torres continued to rent the property to the Medinas without requiring any remedial action regarding the condition of the property.

On July 21, 1989, plaintiff noticed that the shed on the De La Torre property was burning. Before he could take action, several explosions occurred, greatly increasing the intensity of the fire and causing burning materials to be propelled onto plaintiff and his property.

Plaintiff filed suit against the De La Torres, seeking to recover for damages to

his person and to his property and business caused by the fire. Plaintiff sought to hold the De La Torres liable on two theories. Plaintiff argued that the De La Torres were liable through the doctrine of respondeat superior for the Medina children's negligence in starting the fire. Plaintiff also argued the De La Torres were liable for nuisance based upon the fire hazard existing on the property.

The trial court granted summary judgment for the De La Torres. The court found an absence of proof as to the fire's causation, concluding that the evidence of the Medina children previously playing with cigarette lighters was too remote in time to have any probative value. The court also found as a matter of law that the De La Torres were not liable for damages arising from any nuisance created by their tenants on the property after the tenants took possession.

Plaintiff appeals from only the latter portion of the judgment, arguing that the trial court erred in concluding that the De La Torres have no duty to protect him from a nuisance created by the Medinas under the circumstances of this case. We review the trial court's conclusions of law de novo, *City of Scottsdale v. Thomas*, 156 Ariz. 551, 552, 753 P.2d 1207, 1208 (App.1988), and view the evidence in the light most favorable to plaintiff. *See Cecil Lawter Real Estate School, Inc. v. Town & Country Shopping Center Co., Ltd.*, 143 Ariz. 527, 533, 694 P.2d 815, 821 (App.1984). We have jurisdiction pursuant to Ariz.Rev.Stat. Ann. ("A.R.S.") §§ 12–120.21.A and –2101.B.

## II.

### A.

A person can be held liable for damages caused by a nuisance if he is legally responsible for the acts of the per-

---

1. Prior to that time, plaintiff complained to the De La Torres' handyman about the danger from

the combination of small children playing in an

son creating the nuisance.[2] *City of Phoenix v. Harlan,* 75 Ariz. 290, 294, 255 P.2d 609, 612–13 (1953). A landowner, however, generally is not responsible for a tenant's acts in creating or maintaining a nuisance upon the leasehold after the landlord transfers possession to the tenant. *Dennis v. City of Orange,* 110 Cal.App. 16, 293 P. 865, 867 (1930). This rule rests upon the principle that property law regards a lease as equivalent to a sale of the premises for the term of the lease, making the tenant both owner and occupier during the lease. *Gibbons v. Chavez,* 160 Ariz. 73, 76, 770 P.2d 377, 380 (App.1988); RESTATEMENT (SECOND) OF TORTS § 356 cmt. a (1965). Under this concept, a tenant's right to exclusive possession of the property suspends the landlord's right of entry, along with his ability to abate a nuisance on the property, during the term of the lease. *Moretti v. C.S. Realty Co.,* 78 R.I. 341, 82 A.2d 608, 612 (1951); *Dennis,* 293 P. at 867.

Certain exceptions exist, however, to the general rule of landlord nonliability for nuisances created after the tenant takes possession. In *Bischofshausen v. D.W. Jaquays Mining and Equip. Contractors Co.,* 145 Ariz. 204, 210, 700 P.2d 902, 908 (App.1985), Arizona adopted the exception defined in the RESTATEMENT (SECOND) OF TORTS § 837(1), which states:

> "A lessor of land is subject to liability for a nuisance caused by an activity carried on upon the land while the lease continues and the lessor continues as owner, if the lessor would be liable if he had carried on the activity himself, and
>
> (a) At the time of the lease the lessor consents to the activity or knows or has reason to know that it will be carried on, and
>
> (b) He then knows or should know that it will necessarily involve or is already causing the nuisance."

The landlord's liability in such cases arises not from any action or inaction on the part of the tenant but rather from the landlord's own failure to eliminate a dangerous condition of which he has knowledge when the leased property comes under his control. *Dow Chemical Fin. Corp. v. Marana Assocs.,* 128 Ariz. 47, 49, 623 P.2d 836, 838 (App.1980). The same concept applies when a landlord renews a lease or relets the premises to the same tenants after the landlord knows or should know the tenants have created a nuisance. In such a situation, the landlord's act of entering a new lease at a time the landlord had the right to enter the premises and, therefore, the right and opportunity to remedy the nuisance, subjects him to liability. *Dennis,* 293 P. at 867. A landlord cannot evade his responsibility simply by renewing the tenancy without taking actual control. *Lucas v. Brown,* 82 F.2d 361, 364 (8th Cir.1936).

## B.

The precise issue raised in this action is whether the exception adopted in *Bischofshausen* governs a landlord's liability when a month-to-month tenant creates a nuisance after coming into control of the leased premises. The first question under *Bischofshausen* is whether the landlord knew or should have known that the tenant's activities have created a nuisance. We assume for purposes of this appeal, as have the parties, that the De La Torres possessed the necessary knowledge. The remaining question is whether the De La Torres had power to remedy the nuisance. If they had such power, but failed to exercise it, they may be held liable. *Dennis,* 293 P. at 867–68 (quoting *McLaughlin v. Kelly,* 230 Pa. 251, 79 A. 552, 554 (1931)).

---

area with high grass, gas tanks and flammable material.

**2.** A nuisance arises when a person's actions create an unreasonable interference with another person's use and enjoyment of his property and cause damage. *Graber v. City of Peoria,* 156 Ariz. 553, 555, 753 P.2d 1209, 1211 (App.1988).

In this case, plaintiff alleges that the Medinas' storage of gasoline tanks and flammable liquids near plaintiff's property created a nuisance because the situation created an unreasonable fire hazard threatening plaintiff's property. For purposes of this appeal, we assume the Medinas' activities constituted a nuisance.

In Arizona, a landlord has the right to terminate a month-to-month tenancy at the end of each month for any reason or no reason at all, provided he gives ten days notice pursuant to A.R.S. § 33–341.[3] Under section 33–341, therefore, a landlord can regain the ability and right to enter the premises and abate the nuisance within a relatively brief time.[4] The notice requirement "can scarcely be said to be a serious barrier to the landlord exercising the power to abate a nuisance on his property if his tenant will not abate it himself or permit it to be abated by his landlord." *Moretti,* 82 A.2d at 612.

If a landlord with a month-to-month tenant has knowledge of a nuisance and an opportunity to reenter and abate the nuisance, both the requirements of the *Bischofshausen* exception are met. We therefore hold that, if a landlord knows or should know that his month-to-month tenant has created a nuisance on leased premises and nevertheless continues to rent to the same tenant beyond the time period needed to terminate the lease, he may be held liable if a third party suffers damage as a result of the nuisance. Consequently, the trial court erred in finding as a matter of law that the De La Torres could not be liable for damages caused by a nuisance on the leased premises.

### III.

For the foregoing reasons, we reverse the summary judgment entered in favor of the De La Torres on the nuisance claim and remand for further proceedings consistent with this opinion.

GARBARINO, P.J., and NOYES, J., concur.

---

3. The relevant portion of A.R.S. § 33–341 provides:

    B. A lease from month to month may be terminated by the landlord giving at least ten days notice thereof. In case of nonpayment of rent notice is not required.

4. Arizona has previously determined that a month-to-month tenancy begins and ends at the expiration of every month for purposes of applying the Mobile Home Parks Residential Landlord and Tenant Act. *Thompson v. Gin,* 27 Ariz.App. 463, 465, 556 P.2d 17, 19 (1976).